**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250422-U

Order filed July 8, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| RAVINIA COMMUNITIES, as Agent for REMINGTON WOODS MHC, LLC, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| JEANETTE COLON MORALES, and any and all UNKNOWN OCCUPANTS, | ) ) ) | Appeal No. 3-25-0422 Circuit No. 24-EV-3041 |
| Defendants | ) ) | |
| (Jeanette Colon Morales, | ) ) | Honorable Rolonda V. Mitchell, |
| Defendant-Appellant). | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HETTEL delivered the judgment of the court.
Justices Holdridge and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not err when it denied defendant's motion to vacate the eviction order.

¶ 2     Plaintiff, Ravinia Communities, as agent for Remington Woods MHC, LLC, filed an eviction complaint against defendant, Jeanette Colon Morales. Subsequent to defendant, *pro se*,

entering into an agreed order for eviction, she filed an emergency motion to vacate the eviction order. The circuit court denied the motion, and defendant appealed. On appeal, defendant argues that the circuit court erred when it denied her motion to vacate because (1) she fundamentally misunderstood the legal consequences of the agreed order for eviction, (2) the court lacked jurisdiction because the case was not brought under the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2024)), and (3) the agreed order for eviction circumvented the Foreclosure Law. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4         In 2014, defendant entered into an installment contract to purchase a mobile home. She also leased the land in Channahon upon which the mobile home was situated through a separate agreement with plaintiff. Plaintiff collected both the mobile-home payments and the lease payments from defendant.

¶ 5         On December 23, 2024, plaintiff filed an eviction complaint against defendant for alleged nonpayment of rent from September 1, 2024, to December 31, 2024.

¶ 6         On February 10, 2025, plaintiff appeared in court through counsel and defendant appeared *pro se*. The result of the status hearing was the circuit court entering an agreed order for eviction whereby plaintiff was given possession of the property and defendant was required to move out on or before 11:59 p.m. on March 10. Defendant was also ordered to pay plaintiff $7,591.06 in rent, $664.25 in court costs, and $350 in attorney fees, for a total of $8,605.31. No report of proceedings from the hearing has been included in the record on appeal.

¶ 7         On March 10, 2025, defendant filed for bankruptcy in federal court. Two days later, she filed a *pro se* motion to vacate the agreed order for eviction in this case. In the motion, defendant stated:

2

"We were in court on February 10, 2025 and this was the first scheduled court appearance in this matter. My understanding is that we were entering an order that specified the amount due and owing to the Plaintiff, and providing a due date to make that payment. I am now being told by the Plaintiff that this is not the case and that I both have to pay them in full and that they are going to evict me.

Additionally, this case deals with my lease of land where I have a modular home that I am renting to own, and for which I have been making payments for many years, and in which I have equity. They should not be able to foreclose my home pursuant to a 2/10/25 order that does not contain terms that I agreed to."

¶ 8    Subsequently, in July 2025, defendant filed a *pro se* "Emergency Amended Motion to Vacate Agreed Order of Possession and Cancel Eviction," in which she elaborated upon her earlier motion. In part, she noted that since her bankruptcy filing, she had tendered mortgage and lease payments to plaintiff, but plaintiff rejected the payments. She claimed that the emergency underlying her amended motion was that her eviction was imminent.

¶ 9    On July 25, 2025, the circuit court held a hearing on defendant's emergency motion to vacate. During the hearing, counsel for plaintiff stated:

"Our case is about possession of the lot. The home is hers. If she wants to sell it, that's different, but our case is just about possession of the lot. That's what we determined here in this case and in federal [court]. If my client does a foreclosure or a quiet title or mechanic's lien, that's different than what we're saying. *** My case is for the lot. It's not for ownership of the home."

Defendant voiced her concerns that the payments she had been trying to make were being refused and that she did not want to lose her home.

3

¶ 10    The circuit court explained to defendant that she could always try to work something out with the landlord to be able to stay in her residence. Later, the court added,

"If that cannot be figured out, ma'am, and you want time because you have done your due diligence and you have shown your due diligence and you want time, ma'am, reasonable time based on your research that you can document that you can show me, which you haven't done, that you need this amount of time so you can remove your property from the land, that is something that I will consider with you as a property owner, etc. But if you're coming in looking for me to vacate everything that has been done and commit you all to a new lease agreement or terms or something, that isn't anything that the Court would ever do.

And so, again, the request wasn't for a reasonable amount of time because she's in the process of selling the property or that she is removing her property from the land, she has contacted whomever to facilitate that and they need two weeks, etc. That isn't the request. That is a request that the Court can consider, okay?"

The court ultimately denied defendant's emergency motion, stating that the motion was untimely and that the court "cannot force you all to stay in a relationship together and come to a new agreement when your first agreement failed, ma'am."

¶ 11    Defendant appealed.

¶ 12                              II. ANALYSIS

¶ 13    Initially, we note that plaintiff has not filed an appellee's brief. In lieu of a brief, plaintiff has filed a motion to dismiss the appeal as moot because defendant has allegedly already been evicted and, therefore, cannot be restored to possession.

4

¶ 14 In support of its motion, plaintiff appended a document titled "Eviction Control Card," which purports to show that defendant was evicted on August 1, 2025. However, that document is not a part of the record on appeal, nor has plaintiff filed a motion to supplement the record on appeal with this document. Accordingly, we will not consider plaintiff's document. See Ill. S. Ct. R. 329 (eff. July 1, 2017) (allowing the record to be supplemented on appeal); *People v. Garcia*, 2017 IL App (1st) 133398, ¶ 35 (holding that the appellate court cannot consider evidence that has not been made part of the record on appeal); *cf. In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001) (holding that parties cannot supplement the record on appeal through briefs and appendices); *Jones v. Police Board of City of Chicago*, 297 Ill. App. 3d 922, 930 (1998) (holding that "attachments to briefs not otherwise before the reviewing court cannot be used to supplement the record").

¶ 15 Nothing in the record indicates that defendant was in fact evicted. Because the only support for plaintiff's motion to dismiss is not properly before this court, we deny its motion to dismiss the appeal as moot.

¶ 16 Again, we note that plaintiff has chosen not to file an appellee's brief. Our supreme court has stated the following regarding an appellee's failure to file a brief on appeal:

"We do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the purpose of sustaining the judgment of the trial court. It may, however, if justice requires, do so. Also, it seems that if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of

5

the trial court may be reversed." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

In this case, we believe the record is simple and the claimed errors can be easily decided such that we will address the appeal on the merits.

¶ 17 Defendant's first argument on appeal is that the circuit court erred when it denied her motion to vacate the February 10, 2025, agreed order for eviction. She contends that substantial justice requires vacatur because she signed the agreement under a fundamental misunderstanding of its legal consequences.

¶ 18 Section 2-1301(e) of the Code of Civil Procedure (735 ILCS 5/2-1301(e) (West 2024)) provides that "[t]he court may, in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." When deciding whether to grant a motion to vacate filed pursuant to section 2-1301(e), the primary concern is whether doing so promotes substantial justice between the parties. *Draper and Kramer, Inc. v. King* (*King*), 2014 IL App (1st) 132073, ¶ 23.

> "Whether substantial justice is being achieved by vacating a judgment or order is not subject to precise definition, but relevant considerations include diligence or the lack thereof, the existence of a meritorious defense, the severity of the penalty resulting from the order or judgment, and the relative hardships on the parties from granting or denying vacatur." *Jackson v. Bailey*, 384 Ill. App. 3d 546, 549 (2008).

A circuit court's decision on a section 2-1301 motion is reviewed for an abuse of discretion. *King*, 2014 IL App (1st) 132073, ¶ 26.

¶ 19    In this case, the agreed order for eviction was entered after a status hearing held on February 10, 2025. Significantly, no report of proceedings from that hearing has been included in the record on appeal. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Due to the lack of a report of proceedings from the relevant hearing, we do not know what occurred at that hearing, including the circumstances under which defendant agreed to the eviction order. Accordingly, we must resolve "[a]ny doubts which may arise from the incompleteness of the record" against defendant. *Id.* at 392.

¶ 20    We are mindful of the fact that defendant appeared *pro se* and plaintiff appeared through counsel at the hearing on February 10, 2025. Nevertheless, the lack of a transcript from that hearing has deprived us of the ability to do anything except take the agreed order for eviction on its face. Therefore, we hold that the circuit court did not err when it denied defendant's motion to vacate.

¶ 21    Defendant's second argument is that the circuit court lacked jurisdiction over the case because it was not brought under the Foreclosure Law. In a related third argument, defendant claims that the agreed order for eviction should be vacated because it circumvented the Foreclosure Law.

¶ 22    We reject these arguments outright. Due to the alleged nonpayment of rent, plaintiff was within its legal right to seek eviction. See 765 ILCS 745/15(a)(1) (West 2024) (stating that "[a] park owner may terminate the lease and evict a tenant for *** [n]on-payment of rent due"). Further, the eviction order did not attempt to alter defendant's ownership of her mobile home. As the circuit court noted, whether defendant sells her mobile home, or seeks to remove it from the property

7

from which she was evicted, and plaintiff's role in fostering or impeding her ability to take such specific actions regarding her mobile home, were not at issue in the case. While we are aware that defendant alleged plaintiff had refused to accept her mortgage payments after she filed for bankruptcy, there is nothing in the record to indicate that defendant's mobile home has become the subject of foreclosure proceedings. At this juncture, there is a dearth of evidence to support defendant's claim that the eviction action was merely a ruse to circumvent foreclosure proceedings.

¶ 23                               III. CONCLUSION

¶ 24        For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 25        Affirmed.